IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

| | |
|---|---|
| JEFFREY A. PACK, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Case No. 3:12-mc-00018 |
| ) | |
| HICKMAN COUNTY GENERAL SESSIONS ) | Judge Campbell |
| COURT, et al., ) | |
| ) | |
| Defendants. ) | |

**ORDER**

Plaintiff Jeffrey A. Pack, while detained at the Hickman County Sheriff's Office, filed in this Court a *pro se* complaint asserting claims under 42 U.S.C. § 1983. (ECF No. 1.) The plaintiff, however, failed either to submit the requisite $350.00 filing fee or an application to proceed *in forma pauperis*. On April 2, 2012 this Court entered an order directing the Clerk of Court to send to the plaintiff a blank application to proceed as a pauper and directing the plaintiff to do one of two things within 30 days of entry of the order: either (1) pay the full $350.00 filing fee; or (2) return to the district court a properly completed application to proceed *in forma pauperis*. (ECF No. 2.) The order informed the plaintiff that he had the option of requesting an extension of time for performing one of those actions, if necessary. The order also contained a warning to the plaintiff that if he failed to undertake one of the options outlined in the order within the 30-day time period specified in the order, the Court would be required to presume that the plaintiff is not a pauper, assess the full amount of the filing fee, and dismiss the case for failure to prosecute. *McGore v. Wrigglesworth*, 114 F.3d 601, 605 (6th Cir. 1997), *overruled on other grounds by Jones v. Bock*, 549 U.S. 199 (2007).

The Clerk of Court's efforts to serve the plaintiff with a copy of the April 2 order and the blank application to proceed as a pauper have been unavailing, however. Two attempts to serve the order by certified mail to the plaintiff have been returned as undeliverable. A telephone call to the jail administrator for the Hickman County Sheriff's Office on May 14, 2012 confirmed that the plaintiff has been released from jail and is no longer in state custody.

The Clerk is **DIRECTED** to assign a civil action number to this matter.

However, because the plaintiff is no longer in state custody and has failed to keep the Court apprised of his current address or otherwise to demonstrate an intent to pursue this litigation, the matter is **DISMISSED WITHOUT PREJUDICE** for want of prosecution.

It is so **ORDERED**.

_____
Todd Campbell
United States District Judge